USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVCI CAREER COLLEGES HOLDING CORP. SECURITIES LITIGATION | Master File No. 05 Civ. 10240 (CM)<br>05 CV 10515<br>05 CV 10610<br>05 CV 10287<br>06 CV 00304<br>06 CV 00347<br>06 CV 01684 |

## JUDGMENT

This matter came for hearing on July 27, 2007 (the "Final Approval Hearing"), upon the application of the parties for approval, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, of the Settlement set forth in the Stipulation of Settlement, dated April 12, 2007, between Lead Plaintiff, on behalf of itself and each of the Class Members, and Defendants EVCI Career Colleges Holding Corp. ("EVCI"), Arol I. Buntzman, John J. McGrath, and Richard Goldenberg (the "Stipulation"), which Stipulation is incorporated herein by reference. Due and adequate notice of the Stipulation, Judgment, and Final Approval Hearing having been given to the Class Members, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, and it having therefore been expressly directed that final judgment therein accordingly be made herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court finds that each of the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) the Lead Plaintiff has and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal rules of Civil Procedure, the Court hereby finally certifies the Action as a class action on behalf of all persons who purchased or otherwise acquired EVCI common stock from August 14, 2003 through December 6, 2005. Excluded from the Class are Defendants, members of the immediate family of each Individual Defendant, any entity in which any defendant has a controlling interest, officers and directors of EVCI and its subsidiaries and affiliates, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms of the proposed Settlement met the notice requirements of due process, Rule 23 of the

Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §21D(a)(7), as amended by the Private Securities Litigation Reform Act, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons who are Class Members, advising them of the Settlement, the Plan of Allocation, and Lead Counsel's right to apply for attorney's fees and reimbursement of expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or delivered on or before July 13, 2007, as required in the Notice of Proposed Settlement and Preliminary Approval Order, are bound by this Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class Members, including Lead Plaintiff. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Action is dismissed on the merits with prejudice as to Defendants, without costs to any party as against any other.

9. Lead Plaintiff and all Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a Proof of Claim, are forever enjoined and permanently barred from commencing, instituting or prosecuting, either directly, derivatively, representatively or in any other capacity, any and all Released Claims that have been or might have been asserted against Defendants or any of the Released Parties.

10. The Released Claims are hereby ordered as compromised, settled, released, discharged, and dismissed as to each of the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

11. Upon the Effective Date, as defined in the Stipulation, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, settled and discharged any and all Released Claims (including Unknown Claims) against the Released Parties and any claims or potential claims that could be asserted in connection with the resolution of the Action or Released Claims, whether or not Lead Plaintiff and Class Members execute and deliver Proof of Claim and Release forms.

12. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Claims as against Lead Plaintiff, each and all Class Members and Lead Counsel and their agents.

13. To the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(f)(7), the Released Parties are hereby discharged from all claims for

contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties by any person or entity; and (b) by the Released Parties against any person or entity.

14. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

    b. Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

    c. Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage; or

      d. Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class Members, or any of them, that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

15. Notwithstanding the provisions of paragraph 14, the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the Settlement or in any subsequent action against or by the Defendants to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) hearing and determining Lead Plaintiff's application for approval of the proposed Plan of Allocation; (b) implementation and enforcement of this Settlement, the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and the award of reasonable costs and expenses (including lost wages) directly related to the representation of the Class to Lead Plaintiff serving on the behalf of the Class; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

17. Defendants shall have no obligation to make any payment into the Escrow Account except as specifically provided in paragraph 2 of the Stipulation, and there shall be no distribution of any of the Settlement Amount to any Class Member until a plan of allocation is

finally approved and is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

18. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. Separate orders shall be entered to approve (a) Lead Plaintiff's proposed Plan of Allocation, and (b) Lead Counsel's application for fees and reimbursement of litigation expenses as allowed by the Court. Such orders shall not disturb or affect any of the terms of this Judgment.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants and is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation (particularly paragraphs 30, 31, and 36 of the Stipulation), and shall be vacated to the extent provided by the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Settlement Amount and interest thereon shall be returned in full as provided in paragraph 32 of the Stipulation.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: 7/27/07

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT COURT JUDGE