UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVCI CAREER COLLEGES HOLDING CORP. SECURITIES LITIGATION | Master File No. 05 Civ. 10240 (CM) |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff"), on behalf of the Class, through court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"), respectfully moves the Court for an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure:[1]

(i) approving the administrative determinations of the Claims Administrator, Analytics, Incorporated ("Analytics"), accepting and rejecting the Claims submitted herein;

(ii) approving all of Analytics' fees and expenses incurred and to be incurred in connection with the administration of the Settlement, and directing payment of $17,850.15 out of the Settlement Fund to Analytics for the unpaid balance of such fees and expenses;

(iii) directing distribution of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate final tax returns, to the Authorized Claimants who would receive a payment of at least $10.00 from the cash distribution;

---

[1] All defined terms shall have the meaning ascribed to them in the Stipulation of Settlement dated April 12, 2007 unless otherwise set forth herein.

(iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund;

(v) barring any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and releasing and discharging from any and all claims arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund;

(vi) authorizing and directing, if cost-effective, a re-distribution of any funds remaining in the Net Settlement Fund one (1) year after the initial distribution, with such remainder to be allocated to Authorized Claimants who have cashed their payments, provided that they would receive at least $25.00 on such re-distribution, based on their Recognized Loss amounts; and if a re-distribution is not cost-effective, or, if after six (6) months after a re-distribution any funds remain in the Net Settlement Fund, authorizing and directing donation of the balance of the Net Settlement Fund to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel; and

(vii) for such other and further relief as this Court deems appropriate.

## **BACKGROUND**

On April 12, 2007, Lead Plaintiff and Defendants EVCI Career Colleges Holding Corp. ("EVCI"), Arol I. Buntzman, John J. McGrath, and Richard Goldenberg entered into the Stipulation. The Stipulation provided for the Settlement of this action on behalf of a Class consisting of all Persons who purchased or otherwise acquired EVCI common stock from August 14, 2003 through December 6, 2005 (the "Class Period").

Pursuant to the Stipulation, Lead Counsel retained Analytics, a firm specializing in the administration of class action settlements located in Chanhassen, Minnesota, to print and mail copies of the Notice and Proof of Claim form to Class Members; to publish the Summary Notice; to process the Proof of Claim forms submitted by Class Members; and to effectuate distribution of the Net Settlement Fund to Authorized Claimants.

On July 27, 2007, following a hearing to consider the proposed Settlement, this Court entered the Judgment approving the proposed Settlement as fair, reasonable, and adequate; dismissing this Action as against the Defendants; and directing the parties to consummate the Settlement in accordance with terms and provisions of the Stipulation.

## CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a $7,725,000 Settlement Fund was established for the benefit of the Class.  Pursuant to the Stipulation and the Notice, all Class Members wishing to participate in the Settlement Fund were required to submit Proofs of Claims by mail, postmarked on or before August 29, 2007.  As demonstrated by the accompanying Affidavit of Richard W. Simmons in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Fund (the "Simmons Affidavit"), Analytics received and reviewed all submitted Claims and, to the extent that a Claim was deficient in any regard, Analytics notified the Claimant of the deficiency and advised the Claimant as to the possible ways to cure the deficiency.  Where a Claimant failed to cure a defective Claim after notice, or where the Claim showed that the Claimant was not entitled to receive a share of the Net Settlement Fund, Analytics notified the Claimant of the rejection of the Claim and provided the Claimant with notice of the method for the Claimant to request this Court's review of Analytics' administrative determination to reject the Claim.

Copies of sample deficiency and rejection letters are attached as exhibits to the Simmons Affidavit. *See* Simmons Affidavit at ¶¶ 5-7.

All rejection letters specifically provided that a claimant had the right, within twenty (20) days after the mailing of the rejection, to contest the rejection and request a hearing before the Court. No Claimants have outstanding requests for this Court's review of the rejection of their Claims.

Approximately thirty-three (33) otherwise eligible Claims were received after the August 29, 2007 submission deadline. No Claim has been rejected because it was received after the initial submission deadline, and Lead Plaintiff believes no delay has resulted from the acceptance of these Claims. Lead Plaintiff believes that when the equities are balanced, it would be unfair to prevent an otherwise valid Claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the Claims were still being processed. Accordingly, Lead Plaintiff respectfully requests that this Court approve the administrative determination not to reject Claims submitted after the August 29, 2007 deadline because of lateness.

However, there must be a final cut-off date after which no more Claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any Claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no Claim submitted after entry of the Class Distribution Order be accepted for any reason whatsoever.

Lead Plaintiff respectfully requests that the Court approve the administrative determinations accepting and rejecting Claims as set forth herein and in the Simmons Affidavit.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

In accordance with Analytics' agreement with Lead Counsel to act as the Claims Administrator herein, Analytics was responsible for, among other things, mailing and publishing notice to the Class, processing the Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. As set forth in the Simmons Affidavit, Analytics' fees and expenses for its work performed and to be performed on behalf of the Class total $69,970.91. To date, Analytics has received interim payments totaling $52,120.76. Accordingly, there is a balance due to Analytics of $17,850.15. Lead Plaintiff respectfully requests that the Court approve all of Analytics' fees and expenses, and authorize and direct the payment of the balance due to Analytics from the Settlement Fund.

## DISTRIBUTION OF NET SETTLEMENT FUND

As set forth in the Notice at paragraph 42(D)(viii), under the Court-approved Plan of Allocation, "[a] payment to any Authorized Claimant of less than $10 in total will not be included in the calculation and will not be distributed." Accordingly, Lead Plaintiff respectfully requests that the Court authorize and direct the distribution of the Net Settlement Fund to the Authorized Claimants listed on Exhibit E-1 to the Simmons Affidavit who would receive at least $10.00 from the distribution based on their Recognized Losses in comparison to Recognized Losses of all Authorized Claimants.

## RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement

Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiff respectfully requests that the Court bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and release and discharge from any and all claims arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund.

## DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

It may be expected that not all of the payments to be distributed to Authorized Claimants will be cashed promptly. In order to encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead Plaintiff proposes that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]."

In order to allow a final distribution of any balance that may remain in the Settlement Fund after the initial distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, Lead Plaintiff also respectfully requests that the Court authorize and direct the following:

(a)  If cost-effective, a re-distribution of any funds remaining in the Net Settlement Fund if any such funds remain one (1) year after the initial distribution, and after appropriate efforts have been made to locate and distribute funds to Authorized Claimants who did not cash their payments, with such remainder to be allocated to Authorized Claimants who have cashed their payments, provided that they would receive at least $25.00 on such re-distribution, based on

their Loss Amounts, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.

(b)    If the re-distribution described immediately above is not cost effective, or, if after six (6) months following a re-distribution any funds remain in the Net Settlement Fund, donation of the balance of the Net Settlement Fund to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

## CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve its Motion for Distribution of Class Settlement Fund and enter the proposed Class Distribution Order submitted herewith.

Dated:  August 8, 2008
         New York, New York

    Respectfully submitted,

    **BERNSTEIN LITOWITZ BERGER &
        GROSSMANN LLP**

    By: /s/   Jeffrey N. Leibell
       Jeffrey N. Leibell (JL-1356)
    1285 Avenue of the Americas
    New York, New York 10019
    Tel: (212) 554-1400

    *Attorneys for Lead Plaintiff Arkansas Teacher Retirement System and Lead Counsel for the Class*