**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE EVCI CAREER COLLEGES
HOLDING CORP. SECURITIES
LITIGATION

Master File No. 05 Civ. 10240 (CM)

---

### NOTICE OF LEAD PLAINTIFF'S MOTION FOR
### DISTRIBUTION OF CLASS SETTLEMENT FUND

**PLEASE TAKE NOTICE,** that, upon the annexed Affidavit of Richard W. Simmons of Analytics, Inc. ("Analytics"), the Claims Administrator, and the accompanying memorandum of law, and upon all prior proceedings herein, Arkansas Teacher Retirement System ("Lead Plaintiff") hereby moves this Court for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure:

(i) approving the administrative determinations of the Claims Administrator, Analytics, accepting and rejecting the Claims submitted herein;

(ii) approving all of Analytics' fees and expenses incurred and to be incurred in connection with the administration of the Settlement, and directing payment of $17,850.15 out of the Settlement Fund to Analytics for the unpaid balance of such fees and expenses;

(iii) directing distribution of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate final tax returns, to the Authorized Claimants who would receive a payment of at least $10.00 from the cash distribution;

(iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund;

9/2/08
Granted
CM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08

(v) barring any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and releasing and discharging from any and all claims arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund;

(vi) authorizing and directing, if cost-effective, a re-distribution of any funds remaining in the Net Settlement Fund one (1) year after the initial distribution, with such remainder to be allocated to Authorized Claimants who have cashed their payments, provided that they would receive at least $25.00 on such re-distribution, based on their Recognized Losses; and if a re-distribution is not cost-effective, or, if after six (6) months after a re-distribution any funds remain in the Net Settlement Fund, authorizing and directing donation of the balance of the Net Settlement Fund to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel; and

(vii) for such other and further relief as this Court deems appropriate.

WHEREFORE, Lead Plaintiff respectfully requests that the Court enter an Order in the form of the proposed Class Distribution Order attached hereto as Exhibit A.

Dated: August 8, 2008
New York, New York

    Respectfully submitted,

    **BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP**

    By: /s/   Jeffrey N. Leibell
        Jeffrey N. Leibell (JL-1356)
    1285 Avenue of the Americas
    New York, New York 10019
    Tel: (212) 554-1400

    *Attorneys for Lead Plaintiff Arkansas Teacher
    Retirement System and Lead Counsel for the Class*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVCI CAREER COLLEGES HOLDING CORP. SECURITIES LITIGATION | Master File No. 05 Civ. 10240 (CM) |

### [PROPOSED] CLASS DISTRIBUTION ORDER

WHEREAS, on July 27, 2007, this Court entered the Judgment approving the terms of the Stipulation of Settlement dated April 12, 2007 (the "Stipulation"), which Judgment has become Final and no longer subject to appeal;

WHEREAS, this Court has retained jurisdiction over, among other things, the implementation and enforcement of the Settlement, the allowance, disallowance or adjustment of any Claims on equitable grounds and any award of distribution of the Settlement Fund; the disposition of the Settlement Fund; and the enforcement and administration of the Stipulation including any release executed in connection therewith; and

WHEREAS, Lead Plaintiff has moved this Court, on notice to Defendants' Counsel, for an order authorizing and directing distribution of the Net Settlement Fund, and the Court, having considered all the materials and arguments submitted in support of such motion, including Lead Plaintiff's Memorandum of Law in Support of Motion for Distribution of Class Settlement Fund and the Affidavit of Richard W. Simmons in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Fund (the "Simmons Affidavit"), submitted therewith.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The administrative determinations of the Claims Administrator, Analytics, Incorporated ("Analytics"), accepting the Claims listed on Exhibit E-1 to, and described in, the Simmons Affidavit, including Claims submitted after August 29, 2007, be, and the same hereby are, approved, and said Claims are hereby accepted for the Recognized Loss amounts shown in said Exhibit E-1.

3. The administrative determinations of Analytics rejecting the Claims listed on Exhibit E-2 to, and described in, the Simmons Affidavit be, and the same hereby are, approved, and said Claims are hereby rejected.

4. No Claim received after the entry of this Class Distribution Order may be accepted for any reason whatsoever.

5. The fees and expenses of Analytics incurred and to be incurred in connection with the administration of the Settlement are hereby approved, and Lead Counsel are authorized to direct payment of $17,850.15 out of the Settlement Fund to Analytics for the outstanding balance of such fees and expenses.

6. Analytics shall distribute the available balance of the Net Settlement Fund, after deducting the payments previously allowed and authorized herein, and after the payment of any estimated taxes and the costs of preparing appropriate final tax returns, to the Authorized Claimants listed on Exhibit E-1 to the Simmons Affidavit who would receive at least $10.00

from the distribution based on their Recognized Losses in comparison to the total Recognized Losses of all Authorized Claimants.

7. The payments to be distributed to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its distribution within said time, and the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

8. If cost-effective, after one (1) year after the initial distribution of the Net Settlement Fund to eligible Authorized Claimants and after reasonable and diligent efforts have been made to have the Authorized Claimants cash their distributions, Lead Counsel is authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to Authorized Claimants who have cashed their distributions and who would receive at least $25.00 on such re-distribution based on their Recognized Losses, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If Lead Counsel determines that such a re-distribution is not cost-effective, or, if after six (6) months after such a re-distribution, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and

discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Class Distribution Order.

10.    The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement and such other and further relief as this Court deems appropriate.

11.    There is no just reason for delay in the entry of this Class Distribution Order as a Final Order of the Court; immediate entry of this Class Distribution Order as a Final Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: _____, 2008

BY THE COURT:

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that, on August 8, 2008, the forgoing Notice of Lead Plaintiff's Motion for Distribution of Class Settlement Fund (including as Exhibit A a [Proposed] Class Distribution Order), together with (i) Lead Plaintiff's Memorandum of Law in Support of Motion for Distribution of Class Settlement Fund; and (ii) the Affidavit of Richard W. Simmons in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Fund, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service on the following counsel:

**Via Email:**

Glenn Charles Colton  gcolton@wsgr.com
Meredith E. Kotler   mkotler@wsgr.com
Gideon A. Schor    gschor@wsgr.com

**Via Overnight Delivery:**

Gideon A. Schor, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, NY 10019

                              **BERNSTEIN LITOWITZ BERGER &
                              GROSSMANN LLP**

                              By: /s/  Jeffrey N. Leibell
                                   Jeffrey N. Leibell (JL-1356)
                              1285 Avenue of the Americas
                              New York, New York 10019
                              Tel: (212) 554-1400

                              *Attorneys for Lead Plaintiff Arkansas
                              Teacher Retirement System and Lead
                              Counsel for the Class*